IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Anthony Mack McQueen,<br><br>  PETITIONER<br><br>  v.<br><br>United States of America,<br><br>  RESPONDENT | Crim. No. 4:11-cr-02161-TLW-7<br>C/A No. 4:16-cv-02246-TLW<br><br><br>**Order** |

  This matter comes before the Court for consideration of the pro se petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Anthony Mack McQueen. For the reasons stated below, the Court dismisses the petition.

## I. Factual and Procedural History

  Petitioner pled guilty to a drug conspiracy charge. After a two-level downward departure, he was sentenced to 121 months incarceration.[1] He did not file a direct appeal.

  On June 24, 2016,[2] Petitioner filed this one-page § 2255 petition referencing *Johnson v. United States*, 135 S. Ct. 2551 (2015) and asserting vaguely that he is serving an illegal sentence. ECF No. 993. The Government filed a response in opposition and a motion for summary judgment, asserting that the petition should be dismissed as untimely and that *Johnson* has no application to his petition. ECF Nos. 1017, 1018. He did not file a reply, despite the Court's

---

[1] His sentence was subsequently reduced to 112 months as a result of Amendment 782 to the sentencing guidelines, ECF No. 929, and then further reduced to 100 months pursuant to a Rule 35(b) motion, ECF No. 1020.

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

issuance of a *Roseboro* order.  ECF No. 1021.

This matter is now ripe for decision.

## II.     28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence.  A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).  "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'"  *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se filings, and finds that no hearing is necessary.

## III.    Standard of Review

Petitioner brings this petition pro se.  Courts are required to construe liberally pleadings

2

filed by pro se litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

The Government filed a motion for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby Inc.,* 447 U.S. 242, 255 (1986).

## IV.  Discussion

### A.  Timeliness under AEDPA

The Government argues that Petitioner's § 2255 petition should be dismissed as untimely. The Court agrees.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), a § 2255 petition must be filed within one year of the latest of the following dates:

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Court will address the applicability of each of these subsections.

1. *§ 2255(f)(1)*

Petitioner's petition is untimely under § 2255(f)(1). Judgment was entered on September 26, 2012, so he had until October 10, 2012 to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i). Because he did not file an appeal, the judgment of conviction in his case became final on October 10, 2012. Thus, under § 2255(f)(1), he had one year—until October 10, 2013—in which to file his § 2255 petition. However, he did not file his § 2255 petition until June 24, 2016—over two-and-a-half years late. Thus, the Court concludes that it is untimely pursuant to § 2255(f)(1).

2. *§ 2255(f)(2)*

The Court does not find that any triggering date set forth in § 2255(f)(2) applies to this case. Petitioner does not allege, much less establish, any unconstitutional or illegal action by the Government that prevented him from filing his petition. Accordingly, the Court finds that his motion is untimely pursuant to § 2255(f)(2).

3. *§ 2255(f)(3)*

The Court does not find that any triggering date set forth in § 2255(f)(3) applies to this case. To the extent Petitioner is arguing that *Johnson* applies, he is incorrect. First, this is a drug conspiracy case, not a felon in possession case involving a defendant sentenced as an armed career

4

criminal like the defendant in *Johnson*. Additionally, even if *Johnson* applies to the guidelines,[3] Petitioner's claim is not premised on any guideline provision resembling the statutory provision found unconstitutional in *Johnson*, so that case is inapplicable. Petitioner's case involved a straight-forward application of the sentencing guidelines based on his drug weight, an enhancement for possession of a firearm in connection with the drug offense, an acceptance of responsibility reduction, and the standard criminal history calculation. Because *Johnson* has nothing to do with his case, it does not serve to restart the statute of limitations in his case. Accordingly, the Court finds that his motion is untimely pursuant to § 2255(f)(3).

    4.  *§ 2255(f)(4)*

The Court does not find that any triggering date set forth in § 2255(f)(4) applies to this case. Petitioner does not allege, much less establish, that there are any facts affecting his case that he could not have previously discovered through the exercise of due diligence. Accordingly, the Court finds that his motion is untimely pursuant to § 2255(f)(4).

  **B.**  **Equitable Tolling**

Petitioner has not asserted that the doctrine of equitable tolling applies to this case, nor does the Court's review of the record indicate any basis to apply the doctrine to this case.

## V. Conclusion

For the reasons stated, the Government's Motion for Summary Judgment, ECF No. 1018,

---

[3] The questions of whether *Johnson* applies to the guidelines and, if so, whether it applies retroactively, are currently being decided by the Supreme Court. *Beckles v. United States*, No. 15-8544 (U.S. argued Nov. 28, 2016).

is **GRANTED**, and Petitioner's petition for relief pursuant to § 2255, ECF No. 993, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

February 3, 2017
Columbia, South Carolina